SUMMARY ORDER

Muhammad Azeem, a native and citizen of Pakistan, seeks review of the October 2, 2008 order of the BIA denying his motion to remand and affirming the June 22, 2006 decision of Immigration Judge (“IJ”) William P. Van Wyke, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Muhammad Azeem, No. A95 956 988 (B.I.A. Oct. 2, 2008), aff'g No. A95 956 988 (Immig. Ct. N.Y. City Jun. 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this ease.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as *214 supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA adopted and affirmed the IJ’s decision, and then evaluated Azeem’s new evidence as a motion to remand, denying that motion. This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). This Court reviews the BIA’s denial of a motion to remand for abuse of discretion. See Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 156-57 (2d Cir.2005); Kaur v. BIA, 413 F.3d 232, 233-34 (2d Cir.2005) (per curiam).
A. Motion to Remand
With his appeal to the BIA, Azeem submitted additional evidence, which the BIA construed as a motion to remand. A motion to remand on the basis of newly available evidence must meet the same substantive requirements as a motion to reopen. See Li Yong Cao, 421 F.3d at 156-57. After evaluating the documents, the BIA found that Azeem failed to demonstrate that they were previously unavailable. 8 C.F.R. § 1003.2(c)(1). As Azeem does not challenge the BIA’s finding that the evidence he submitted was not previously unavailable, he waives any such argument. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, we will not disturb the BIA’s denial of his motion to remand.
B. Appeal
The BIA also properly denied Azeem’s appeal. Azeem did not allege before the agency that he endured past persecution in Pakistan. Absent past persecution, Azeem may establish eligibility for asylum by showing that he subjectively fears future persecution on account of a protected ground and that his fear is objectively reasonable. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004).
The IJ reasonably concluded that Azeem failed to establish a well-founded fear of future persecution. While the State Department reports explained that there is religious tension and violence in Pakistan and noted incidents of Shi’a Muslims being killed, the IJ found that Azeem failed to demonstrate how he personally faced a greater risk of persecution than any of the other fourteen million Shi’a Muslims in Pakistan. See Kyaw Zwar Tun v. INS, 445 F.3d 554, 564 (2d Cir.2006) (noting the requirement that an asylum applicant “ ‘provide evidence that there is a reasonable possibility that he or she would be singled out individually for persecution’ ” (quoting 8 C.F.R. § 208.13(b)(2)(iii))).[2] Absent such a showing, the IJ properly found that Azeem failed to establish an objectively reasonable fear of persecution. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005); Melgar de Torres v. Reno, 191 F.3d 307, 314 n. 3 (2d Cir.1999).
Further, the IJ concluded that Azeem could reasonably relocate to other parts of *215 Pakistan, as the record indicated that in Pakistan’s large cities “there are groups of people who worship in his faith or pray in his faith who do not report any other particular harm, beyond perhaps discrimination.” Azeem failed to demonstrate that relocation would not be reasonable. 8 C.F.R. § 1208.13(b)(2)(ii), (3). Contrary to his argument, it was his burden to do so. 8 C.F.R. § 1208.13(b)(3)®.
Accordingly, the agency’s finding that Azeem failed to establish that he has a well-founded fear of future persecution was supported by substantial evidence and the denial of his application for asylum was proper. See Jian Xing Huang, 421 F.3d at 129. Because Azeem was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). As Azeem does not challenge the denial of his CAT claim before this Court, he waives any such argument. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
For the foregoing reasons, the petition for review is DENIED.

. An asylum applicant need not demonstrate that he or she was "singled out individually for persecution” if the applicant can demonstrate (1) the existence of "a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant on account of ... religion,” and (2) "his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable.” 8 C.F.R. § 1208.13(b)(2)(iii)(A)-(B). Although Azeem made a pattern or practice argument before the agency, he makes no such argument in this Court and therefore has waived any such claim. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.